**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Johannes VERMAAK, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

**v.**

**Johannes Vermaak, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

**v.**

**Johannes Vermaak, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

**v.**

**Johannes Vermaak, Defendant–
Appellant.**

**Nos. 13–50096, 13–50097,
13–50240, 13–50241.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2014.

Filed Oct. 20, 2014.

Jean–Claude Andre, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Jennifer L. Waier, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Amy M. Karlin, Assistant Federal Public Defender, Federal Public Defender's Office, Santa Ana, CA, James H. Locklin, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

MEMORANDUM *

Johannes Vermaak appeals his 84–month sentence for mail fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not plainly err in its consideration of aggravating factors at

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sentencing. To the extent the district court considered Vermaak's inability to pay restitution, it did so only as part of its analysis of victim impact. This is permissible under *United States v. Rangel,* 697 F.3d 795, 803 (9th Cir.2012), and 18 U.S.C. § 3553(a).

Nor did the district court plainly err by failing to explain more thoroughly its above-Guidelines sentence. The district court considered the appropriate sentencing factors and provided a sufficient explanation for the upward variance to permit meaningful appellate review. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Finally, the 84-month sentence was not substantively unreasonable. The aggravating factors identified by the sentencing court sufficiently justify the upward variance, so the sentence was not an abuse of discretion. *See id.* at 991–93.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided